# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **C.C. and L.G.**

**No. 18-0634** (Harrison County 17-JA-74-1 and 17-JA-76-1)


# MEMORANDUM DECISION

Petitioner Mother A.M., by counsel Dreama D. Sinkkanen, appeals the Circuit Court of Harrison County's June 7, 2018, order terminating her parental rights to C.C. and L.G.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Mindy M. Parsley, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Allison S. McClure, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her motion for a post-dispositional improvement period, finding there was no reasonable likelihood that she could substantially correct the conditions of abuse and neglect, and terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On June 2, 2017, the DHHR filed an abuse and neglect petition alleging that petitioner abused substances and did not have stable housing. Additionally, the DHHR received a referral in May of 2017 alleging C.C. was taken to the hospital "dazed and vomiting." The hospital discovered two brain bleeds and bruising on the child's face. According to petitioner, the child spent several days with her father prior to the discovery of her injuries. Initially, the father told petitioner that the child fell off the couch. However, the father later admitted to a Child Protective Services ("CPS") worker that he hit the child. Petitioner waived her preliminary hearing. Petitioner was ordered by the circuit court to submit to random drug screening.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

On August 28, 2017, the circuit court held an adjudicatory hearing. Petitioner stipulated to the allegations of abuse and neglect contained in the petition. She was granted a post-adjudicatory improvement period and agreed to complete intensive drug and alcohol abuse treatment, random blood and urine drug testing, individual therapy, and parenting education classes. She also agreed to maintain a stable and appropriate home.

On March 9, 2018, the guardian filed a motion to terminate petitioner's parental rights. According to the guardian's motion, petitioner failed to comply with supervised visitation and adult life skills and parenting classes. Further, she had not had contact with C.C. since December of 2017, tested positive for multiple substances on drug screens, and missed thirty-three drug screens. According to the guardian, petitioner was unable to appreciate the severity of her substance abuse problem, as evidenced by her substance abuse assessment. During the assessment, petitioner repeatedly handwrote "Not on drugs!" on her evaluation, despite testing positive for amphetamine, methamphetamine, morphine, and Ambien at the assessment. Additionally, petitioner was arrested for possession of controlled substances on February 1, 2018, and March 3, 2018. On February 1, 2018, after trying to gain entry onto a school bus and claiming a man was trying to hurt her, petitioner consented to a search of her possessions by law enforcement, which revealed a spoon with a white substance that tested positive for methamphetamine. Then, on March 3, 2018, a law enforcement officer observed petitioner driving a vehicle that crossed the yellow line. During a traffic stop, a search of her belongings revealed that petitioner was in possession of a spoon with residue on it, a plastic bag containing brown powder, a plastic bag containing a white crystal-like substance, and six morphine pills. The substances in the plastic bags tested positive for heroin and methamphetamine. On March 19, 2018, petitioner was accepted into a substance abuse treatment program; however, she participated for approximately twenty days before leaving the program prematurely against medical advice.

On May 10, 2018, the circuit court held a dispositional hearing. The DHHR presented evidence that petitioner continued to abuse substances during her post-adjudicatory improvement period, left a substance abuse treatment facility against medical advice, and missed over forty drug screens during her post-adjudicatory improvement period. The DHHR also presented evidence that services and visitation were terminated in January of 2018 due to petitioner's noncompliance. Based upon petitioner's testimony, the circuit court found that she failed to comply with the recommendations of her substance abuse assessment, did not obtain employment, failed to comply with her drug screening requirement, had not had contact with L.G. for approximately one year,[2] and had not had contact with C.C. for approximately four months. Petitioner also admitted that she was potentially facing incarceration for criminal charges in two different West Virginia counties. Petitioner conceded that she had not complied with the terms and conditions of her post-adjudicatory improvement period since at least January 1, 2018. However, according to petitioner, she entered into an inpatient treatment facility on

---

[2]In October of 2017, the parties agreed that petitioner would not be permitted any contact with L.G. for reasons not made clear by the record on appeal. However, the record shows that petitioner failed to have any contact with L.G. for several months prior to the agreement.

April 25 2018, and remained there at the time of the dispositional hearing. Based on the evidence presented, the circuit court found there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future and that the termination of petitioner's parental rights was in the children's best interests. Ultimately, the circuit court terminated petitioner's parental rights in its June 7, 2018, order.[3] It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

First, petitioner argues that the circuit court erred in denying her motion for a post-dispositional improvement period. In support, she asserts that she enrolled in a long-term inpatient substance abuse treatment program in April of 2018. She alleges that through her efforts to enroll and participate in treatment, she demonstrated by clear and convincing evidence that she was likely to fully participate in a post-dispositional improvement period. Further, she asserts that her "admission of her substance problem" and enrollment in a treatment program constituted a substantial change in circumstances. We disagree.

West Virginia Code § 49-4-610(3)(D) provides that when a parent has previously been granted an improvement period, the parent must prove that "since the initial improvement period, the [parent] has experienced a substantial change in circumstances" and that "due to that change in circumstances the [parent] is likely to fully participate in a further improvement period." Additionally, we have stated that "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period." *In re M.M.*, 236 W.Va. 108, 115,

---

[3]C.C.'s father's parental rights were terminated. L.G.'s father is a nonabusing parent and retains his parental rights. L.G. remains in his father's custody. The permanency plan for C.C. is adoption by her current foster family.

778 S.E.2d 338, 345 (2015). While petitioner argues that her enrollment in a treatment program for fifteen days prior to the dispositional hearing constitutes a change in circumstances, the record shows that petitioner repeatedly failed to acknowledge the severity of her substance abuse issues, continued to abuse substances throughout the proceedings, and failed to complete a treatment program during her post-adjudicatory improvement period. Petitioner also fails to acknowledge several other conditions of her post-adjudicatory improvement period with which she failed to comply. Petitioner failed to participate in parenting classes and visits, which were ultimately terminated due to her noncompliance. Further, the record shows that petitioner failed to obtain employment and suitable housing. Moreover, petitioner does not provide evidence that would have demonstrated that she would be likely to fully participate in a post-dispositional improvement period and, therefore, she did not meet the applicable burden to receive one. As such, we find no error.

Next, petitioner argues that the circuit court erred in finding there was no reasonable likelihood that she could substantially correct the conditions of abuse and neglect. In support, petitioner asserts that she was participating in a substance abuse treatment program and addressing "her problems and deficiencies."[4] We disagree.

West Virginia Code § 49-4-604(c)(3) provides that a situation in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected includes one in which the abusing parent "ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child[.]" As discussed, petitioner failed to participate in any of the terms of her post-adjudicatory improvement period. Petitioner continued to abuse substances and failed to complete a substance abuse treatment program during the proceedings. She was arrested multiple times during her post-adjudicatory improvement period for possession of illegal substances. Further, she failed to obtain employment and appropriate housing. Based on this evidence, the circuit court was correct in finding there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future.

Further, we find no error in the circuit court's termination of petitioner's parental rights. Petitioner argues that her failure to visit with the children was not voluntary and should not have been a basis for the termination of her parental rights.[5] We disagree. West Virginia Code § 49-4-

---

[4]Petitioner also argues that the circuit court erroneously implied that she "effectively abandoned" the children. However, the circuit court did not find that petitioner abandoned the children; therefore, this argument is without merit.

[5]Petitioner argues that her failure to visit the children was not voluntary because she was incarcerated or in treatment and also argues that she did not see L.G. due to her compliance with the agreement reached during a hearing in October of 2017. However, petitioner fails to acknowledge that she did not visit with L.G. for several months prior to the circuit court's order. Nor does she acknowledge that she last visited with C.C. in December of 2017 and visitation with that child was terminated in January of 2018 due to her noncompliance with visitation and

(continued . . . )

4

604(b)(6) provides that circuit courts are to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. The evidence discussed above also supports the termination of petitioner's parental rights. The circuit court considered the totality of the circumstances in the matter and did not base termination solely on petitioner's failure to visit with the children. Petitioner argues that no evidence was presented to show that the termination of her parental rights was in the children's best interests. However, the evidence of her failure to participate in services and visits with the children, continued substance abuse, arrests for possession of substances, failure to obtain employment and housing, and failure to complete substance abuse treatment clearly shows that the termination of petitioner's parental rights was in the children's best interests. The circuit court specifically found in its dispositional order that the termination of petitioner's parental rights was necessary for the welfare of the children. Further, termination of petitioner's parental rights was necessary in order to establish permanency for the children. For these reasons, we find no error in the circuit court's termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its June 7, 2018, dispositional order is hereby affirmed.

Affirmed.

**ISSUED**:

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice Paul T. Farrell sitting by temporary assignment

---

services. Further, at the time of the dispositional hearing, petitioner had spent only approximately thirty-five days in treatment in March and April of 2018. While the exact dates of petitioner's incarceration were not specified in the record, her arrests were in February and March of 2018, months after she last visited the children.